IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Douglas Jacobs,　　　　　　　　　　　　Case No. 4:22-cv-0434

　　　　Petitioner,

　　　　　　v.　　　　　　　　　　　　　　　　**ORDER**

Warden Leon Hill,[1]

　　　　Respondent.

　　　　This is a petition for habeas corpus under 28 U.S.C. § 2254(d). This case follows referral to the Hon. Thomas M. Parker for a Report & Recommendation, which he filed on Sept. 21, 2022. (Doc. 10). The petitioner has filed Objections to Judge Parker's Report (Doc. 12) and a Supplemental Objection. (Doc. 13). The respondent has filed a Response to the petitioner's Objections. (Doc. 14).

　　　　For the reasons that follow, I concur in every respect with the Magistrate Judge's Report & Recommendation. As he did, I find that I lack jurisdiction because the instant petition clearly appears to be a second or successive petition under 28 U.S.C. § 2254(b)(3)(A). Accordingly, I transfer this case to the Sixth Circuit for further proceedings.

　　　　In 1972, a jury in the Preble County Ohio, Court of Common Pleas convicted the petitioner of murder. The Ohio Adult Parole Authority (OAPA) granted parole, and while on release in 1985, he was once again convicted in the Common Pleas Court of Mahoning County, Ohio, this time for felonious assault and aggravated robbery with firearms specifications. That court imposed, consecutively, a thirty-five to fifty-five year sentence. On revocation by the

---

[1] The Warden at Marion Correctional, where Petitioner is housed, is now Harold May.

OAPA, his life sentence was reinstated and also is running consecutively to the Mahoning County sentences.

Petitioner bases his present claim for habeas relief on a decision of the Ohio Supreme Court that, according to him, held that the statutory underpinnings resulting in his consecutive sentences was unconstitutional. See, *State v. Foster*, 109 Ohio St.3d 1 (2006).

The petitioner has filed thirteen prior habeas petitions or applications to file for habeas relief. That being so, the Magistrate Judge concluded the instant petition appears to be second or successive, depriving this court of jurisdiction.

In his Objections, petitioner disputes the Magistrate Judge's apparently indisputable transfer recommendation. He claims that he is entitled to relief in light of *State v. Foster, supra*. The fact remains that he previously has filed multiple habeas petitions relating to his murder conviction.

His "so what" answer to this fact is that somehow *Foster* has restarted the one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)e(1). (ADEPA). That, however, is not a question that I have authority to resolve. Before I can consider that issue, the Sixth Circuit must decide whether I have jurisdiction to do so.

In light of that doctrine, the petitioner's Objections have no merit. He must first persuade the Circuit that I can consider any of the issues he now raises in his fourteenth attempt to seek relief under § 2254(d).

I agree with the rationale and result in Judge Parker's typically thorough and well-reasoned Report & Recommendation. At best, petitioner's contentions in his Objections are premature.

2

It is, accordingly hereby

ORDERED THAT:

1. The Petitioner's Objections (Doc. 12) and Supplemental Objection (Doc. 13) be, and the same hereby are overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 10) be, and the same hereby is adopted;

3. The Respondent's Motion to Transfer (Doc. 8) be, and the same is hereby granted;

4. The Petitioner's Motion for [the] Court to Order Judgment in [his] favor (Doc. 11) be, and the same hereby is denied; and

5. The Clerk shall cause this case to be transferred to the Sixth Circuit as it appears to be a second or successive Petition.

So ordered.

<u>James G. Carr</u>
Sr. U.S. District Judge